# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AMON FREEMAN, <br> a/k/a Amon Jah Al, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF MISSOURI, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 4:13-CV-1775-RWS |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Amon Freeman a/k/a Amon Jah Al for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $26.73. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $133.67, and an average monthly balance of $55.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $26.73, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at the St. Louis County Justice Center, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983 for the violation of his constitutional rights. Named as defendants are the State of Missouri, St. Louis County Circuit Court, and Judge Mark Seigel. Plaintiff states that he is a Moorish American National. He alleges that he was "kidnapped (unlawfully arrested)" on October 12, 2012, and is "being held hostage for $75,000 profit by the public servants of the State of Missouri." Plaintiff further alleges that he mailed a "Sworn Affidavit of Fact" to Judge Seigel, which the Judge is refusing to acknowledge. Moreover, Judge Seigel is allegedly subjecting plaintiff to a "fraudulent 730 examination to determine mental competency."

**Discussion**

Liberally construing the complaint, plaintiff is claiming that he was unlawfully arrested and is currently unlawfully detained, because, as a Moorish American National, he is immune from state or federal prosecution. Fatal to this assertion of immunity, however, is the non-recognition of the Moorish Nation as a sovereign state by the United States. *See Benton-El v. Odom*, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); *Osiris v. Brown*, 2004 WL 2044904 *2 (D.N.J. Aug. 24, 2005); *Khattab El v. United States Justice Dept.*, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988). Plaintiff cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984). Plaintiff's purported status as a Moorish-American citizen does not enable him to violate state or federal laws without consequence. Thus, plaintiff's allegations are legally frivolous.

Moreover, the State of Missouri and the St. Louis County Circuit Court are not suable entities under § 1983. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Midflet v. Circuit Court of*

*Jackson Cnty.*, 827 F.2d 343, 345 (8th Cir. 1987) ("[S]tate courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the Eleventh Amendment."). Similarly, judges are immune from suit under § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's second motion to proceed in forma pauperis [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $26.73 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim or cause of action. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE